UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| DALE URICH, | ) |
| | ) |
| Plaintiff, | ) 3:07-cv-00068-JWS |
| | ) |
| vs. | ) ORDER AND OPINION |
| | ) |
| MATTHEW M. FRAIZE, in his | ) [Re: Motion at Docket 92] |
| Individual Capacity and in his | ) |
| Professional Capacity As "Peace | ) |
| Officer for City" and THE CITY OF | ) |
| ANCHORAGE, ALASKA, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. MOTION PRESENTED

At docket 92, defendants move for an award of attorney's fees and an award of non-taxable costs. The time for filing an opposition established by D.Ak.LR 7.1(e) ran on December 15, 2008. Plaintiff has not sought an extension of time for a response. No opposition has been filed. The motion is ripe for decision.

## II. BACKGROUND

Plaintiff filed suit against Anchorage Police officer Matthew M. Fraize and his employer, the City of Anchorage, Alaska.[1] In his first cause of action, Urich sought to recover damages from officer Fraize for "the use of excessive force, assault and battery

---

[1]The city is actually known as the Municipality of Anchorage.

against plaintiff" in violation of both state and federal law.[2] In his second cause of action, Urich sought to recover damages from the City for the injuries allegedly inflicted by officer Fraize pursuant to both state and federal law.[3]

Defendants filed a motion for summary judgment which was fully briefed and argued. Urich conceded that the City was entitled to summary judgment, but vigorously contested the proposition that Urich was entitled to qualified immunity. The court granted summary judgment to both defendants,[4] and judgment was entered in their favor. Thus, defendants are prevailing parties for purposes of an award of attorney's fees or costs.

### III. DISCUSSION

#### A. Attorney's Fees

Defendants request an award of attorney's fees pursuant to Alaska Rule of Civil Procedure 82, which is applicable to state law claims litigated in this court.[5] The amount sought, $10,895.20, is twenty percent of the defendant's actual attorney's fees. Rule 82 expressly authorizes such an award. Upon examination, the court finds that the request is adequately supported and that the request is legally sound.

#### B. Non-Taxable Expenses

Federal law authorizes a prevailing party to apply to tax costs and recover such amounts as may be taxed under federal law. Taxation of costs other than attorney's fees is subject to Fed. R. Civ. P. 54(d)(1). The award of attorney's fees "and related nontaxable expenses" is subject to Fed. R. Civ. P. 54(d)(2) and must be sought by motion, as defendants have done here.

---

[2]Doc. 3-2 at p. 5.

[3]*Id.*

[4]Doc. 90.

[5]*See St. Paul Fire & Marine Ins. Co. v. F.H.*, 117 F.3d 435, 439 (9th Cir. 1997) (overruled on other grounds, *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)). *See also Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31 (1975).

-2-

Defendants offer two alternative bases for the recovery of non-taxable expenses. First, they rely on Alaska Rule of Civil Procedure 79, which governs the award of costs in state court. While there is ample authority for the proposition that Alaska Rule 82 applies to state law claims litigated in federal court, the court is unaware of any authority which would authorize this court to award nontaxable costs pursuant to Alaska Rule 79, and defendants cite none. This court's local rules contemplate the applicability of Alaska Rule 82 to claims for attorney's fees, but do not contemplate the award of costs pursuant to Alaska Rule 79.[6] The state court rule does not provide a basis for an award of nontaxable expenses.

Second, defendants request that the court award non-taxable expenses based on 42 U.S.C. § 1988. When an action brought pursuant to § 1983 is unsuccessful, a prevailing defendant may recover pursuant to § 1988, but only if the underlying § 1983 claim lacked foundation or was a frivolous or unreasonable claim.[7] Here, it is true that Urich's claim was eventually found to be without merit. However, based on the facts,[8] it cannot be said that Urich's claim was without foundation, or was frivolous or unreasonable. It follows that this basis for an award of nontaxable expenses also lacks merit.

## IV. CONCLUSION

For the reasons above, the motion at docket 92 is **GRANTED** in part and **DENIED** in part as follows: Defendants shall recover of plaintiff attorney's fees in the amount of $10,895.20.

DATED this 31st day of December 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6]*Compare* D.Ak.LR 54.3 regarding attorney's fees with D.Ak.LR 54.1 regarding costs.

[7]*Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006).

[8]*See* the order at docket 90.